IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

FILED 26 MAR '26 08:58 USDC-ORP

JENNIFER C HOLLAND and
GEOFFREY B HOLLAND,

Plaintiffs,

Case No: *3:26-W-586-YY*

v.

ONPOINT COMMUNITY CREDIT UNION;
FIRST TECHNOLOGY FEDERAL CREDIT UNION;
MOUNTAIN AMERICA CREDIT UNION;
THE DART BANK;
PAYWARD, Inc. d/b/a KRAKEN

Defendants.

**COMPLAINT FOR DAMAGES**

(Jury Trial requested)

Plaintiffs Jennifer Holland and Geoffrey Holland, proceeding pro se, allege:

INTRODUCTION

1. Plaintiffs Jennifer Holland and Geoffrey Holland bring this action for damages arising from a fraudulent scheme involving wire transfers, cryptocurrency transactions, and digital wallet transfers.

2. Defendants failed to follow reasonable banking practices, commercially reasonable security procedures, federal regulations, and industry standards designed to prevent fraud, suspicious activity, and unauthorized or high-risk transactions.

#116170

3. As a result of Defendants' failures, Plaintiffs lost $204,695.00 in marital and household savings.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.
2. The total damages exceed $204,695.00, exclusive of interest and costs.
3. Venue is proper in the District of Oregon because Plaintiffs reside in Washington County, Oregon, and part of the events occurred in this district.

## II. PARTIES

4. Plaintiff Jennifer Holland is 60 years old and resides in Washington County, Oregon.
5. Plaintiff Geoffrey Holland is 79 years old, a disabled veteran, and resides in Washington County, Oregon.
6. The funds involved in this case were marital and household savings belonging to both Plaintiffs.
7. Plaintiffs are individual consumers who rely on Defendants to provide reasonable banking security, fraud protection, and compliance with applicable regulations.
8. Defendant OnPoint Community Credit Union is a financial institution doing business in Oregon.
9. Defendant First Technology Federal Credit Union is a financial institution doing business in Oregon.
10. Defendant Mountain America Credit Union is a financial institution doing business in Utah and other states.
11. Defendant The Dart Bank is a banking institution located in Michigan.
12. Defendant Payward, Inc. is a corporation doing business as Kraken, a cryptocurrency exchange.

## III. FACTS

13. Plaintiffs maintained personal and household savings in financial accounts used for family finances.

14. In November 2025, Plaintiff Jennifer Holland initiated several wire transfers after being misled by persons later discovered to be part of a fraudulent scheme.
15. The transferred funds were marital savings belonging to both Plaintiffs.
16. The transactions were unusual, large, and inconsistent with prior account activity.
17. Defendants processed the transfers without providing adequate warnings or safeguards.
18. Financial institutions are required to follow reasonable fraud prevention procedures, including monitoring unusual activity and verifying suspicious transactions.
19. Despite clear warning signs, Defendants allowed the transfers to proceed.
20. Funds were wired to accounts associated with The Dart Bank and Payward, Inc. (Kraken).
21. Shortly after receipt, the funds were converted to cryptocurrency and transferred out.
22. No effective hold, delay, or review was placed on the transactions.
23. Plaintiffs later discovered the transactions were part of a scam.
24. Plaintiffs reported the fraud immediately.
25. Defendants failed to recover the funds.
26. Plaintiffs lost a total of $204,695.00.

## IV. NEGLIGENCE

27. Defendants owed Plaintiffs a duty to exercise reasonable care in processing wire transfers.
28. Financial institutions must follow commercially reasonable security procedures.
29. Defendants failed to detect obvious red flags.
30. Defendants failed to warn Plaintiffs.
31. Defendants failed to prevent fraudulent transfers.
32. As a result, Plaintiffs suffered damages of $204,695.00.

## V. VIOLATION OF UCC ARTICLE 4A AND COMMERCIAL STANDARDS

33. Wire transfers are governed by Uniform Commercial Code Article 4A.
34. Under UCC Article 4A, banks must use commercially reasonable security procedures.
35. Banks must act in good faith when accepting payment orders.

36. The transfers in this case were unusual and high-risk.
37. Defendants failed to apply reasonable security procedures.
38. Defendants failed to verify suspicious transfers.
39. Defendants executed payment orders without adequate review.
40. These failures were not commercially reasonable.
41. Plaintiffs lost $204,695.00 as a result.

## VI. VIOLATION OF BANK SECRECY ACT AND AML DUTIES

42. Financial institutions must maintain anti-money-laundering programs under the Bank Secrecy Act, 31 U.S.C. §5311 et seq.
43. These rules require monitoring of suspicious transactions.
44. Banks must implement risk-based controls.
45. Banks must review unusual activities.
46. The transactions in this case showed clear red flags, including:
- large transfers
- new payees
- rapid movement of funds
- inconsistent activity
47. Defendants failed to perform adequate monitoring.
48. Defendants failed to follow reasonable compliance procedures.
49. The receiving bank accepted funds under suspicious circumstances.
50. Funds were quickly moved and could not be recovered.
51. Plaintiffs lost $204,695.00.

## VII. NEGLIGENCE – RECEIVING BANK AND EXCHANGE

52. The Dart Bank and Payward, Inc. accepted large transfers connected to high-risk activity.
53. The transactions indicated possible fraud.
54. Defendants failed to review the activity.
55. Defendants allowed rapid conversion and transfer.
56. No effective safeguards were used.
57. Plaintiffs suffered loss of $204,695.00.

## VIII. DAMAGES

58. Plaintiffs lost $204,695.00.

59. The loss involved marital savings.

60. The loss caused serious financial harm.

61. Plaintiffs request full compensation.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request:

1. Judgment against Defendants jointly and severally
2. Damages of $204,695.00
3. Costs of suit
4. Any other relief the Court finds just and proper

## SIGNATURE

Respectfully submitted,

Jennifer Holland
Plaintiff Pro Se
_Jennifer Holland_ Dated: 3/26/26

Address: 2040 SW 98th AVE Portland,
Oregon, 97225
Cell phone: 503-308-3753
E-mail: hollandjennifer90@gmail.com

Geoffrey Holland
Plaintiff Pro Se
_Geoffrey Holland_ Dated: 3/26/26

Address: 2040 SW 98th AVE Portland,
Oregon, 97225
Cell phone: 503-308-3754
E-mail: hollandgb12@gmail.com



## Rational Unicorn Legal Services

**Mailing Address**
PO Box 14134
Portland, OR 97293

**Registered Offices**
California:
2108 North St, Suite C
Sacramento, CA 95816

Oregon:
5441 S Macadam Ave, Suite R
Portland, OR 97239

Washington:
100 N Howard St, Suite R
Spokane, WA 99201

**Attorneys and Advisors**
Lindy Laurence, *Washington, Oregon*
Nicole Hetz, *Oregon*
Lisa Thorsson, *California*
Parrish Jones, Tax Advisory
Ricky Lam, Registered Patent Agent

**February 11, 2026**
Via Regular Mail

**Mountain America Credit Union**
Legal Department
P.O. Box 2331
Sandy, UT 84091

**Re: FORMAL DEMAND FOR RESTITUTION –
FRAUDULENT WIRE TRANSFERS FACILITATED
WITHOUT ADEQUATE SAFEGUARDS**

Dear Counsel,

This firm represents Jennifer Holland and her spouse (collectively, "Clients") with respect to substantial financial losses suffered as a direct and foreseeable result of your institutions' failure to implement reasonable fraud-prevention measures, warnings, and interventions in connection with a high-risk wire transfer in the amount of $50,000.00 executed on November 28, 2025.

This letter constitutes a formal demand for full restitution and notice of impending legal action absent timely resolution.

### I. SUMMARY OF FACTS

Between approximately November 26, 2025 and December 11, 2025, your institution processed and facilitated a large-dollar wire transfer that was later confirmed to be part of a sophisticated financial fraud scheme. This transaction shared multiple, well-documented fraud red flags, including but not limited to: (1) first-time, out-of-pattern wire activity; (2) large dollar amounts; (3) newly introduced or modified beneficiaries; (4) use of recently deposited funds; (5) urgency and time pressure consistent with social-engineering scams; (6) at least one in-branch wire transaction assisted by bank personnel; (7) cryptocurrency-related recipients (including Payward Interactive, Inc. / Kraken and intermediary banks); and (8) no written or verbal fraud warnings, risk disclosures, or acknowledgment forms.

At no point did any of your institutions meaningfully warn Ms. Holland of the heightened risk of fraud associated with this transaction, despite the banking industry's well-documented



## Rational Unicorn Legal Services

**Mailing Address**
PO Box 14134
Portland, OR 97293

**Registered Offices**
California:
2108 North St, Suite C
Sacramento, CA 95816

Oregon:
5441 S Macadam Ave, Suite R
Portland, OR 97239

Washington:
100 N Howard St, Suite R
Spokane, WA 99201

**Attorneys and Advisors**
Lindy Laurence, *Washington, Oregon*
Nicole Hetz, *Oregon*
Lisa Thorsson, *California*
Parrish Jones, Tax Advisory
Ricky Lam, Registered Patent Agent

knowledge that such wires are among the most common vectors for consumer financial fraud.

The following transaction is at issue:
(1) $50,000.00 cash withdrawal on November 28, 2025, as identified in Ms. Holland's Affidavit of Fraud and denied reimbursement by letter dated December 22, 2025.

## II. VULNERABLE CONSUMER STATUS

At the time of this transfer, Ms. Holland was a 60-year-old consumer with a documented disability and cognitive impairment, a fact that materially increased her susceptibility to social-engineering fraud.

Federal and state regulators have repeatedly emphasized that financial institutions must apply heightened scrutiny and protective measures when serving older or otherwise vulnerable consumers. [*See, e.g.*, FinCEN Advisory FIN-2023-A002 (recognizing elder and vulnerable-adult fraud as a priority area requiring enhanced monitoring); CFPB Supervisory Highlights (Issue 29, 2023) (criticizing institutions for failing to intervene where vulnerability indicators were present); 12 U.S.C. § 5531 (prohibiting unfair acts or practices that take unreasonable advantage of a consumer's inability to protect their interests).]

No such heightened protections were applied here.

## III. LEGAL LIABILITY

Although your institutions have attempted to rely on the assertion that Ms. Holland "authorized" the transactions, that position is legally insufficient and does not insulate you from liability. Here, liability arises from independent duties owed by financial institutions once objective fraud indicators are present.

### A. Negligence and Failure to Exercise Reasonable Care

Financial institutions owe a duty to exercise reasonable care in executing transactions when confronted with clear indicia of fraud. Courts have repeatedly held that blind execution of transactions in the face of known red flags may constitute negligence. (*See, e.g.*, Patco Constr. Co. v. People's United Bank, 684 F.3d 197 (1st Cir. 2012); Experi-Metal, Inc. v.



# Rational Unicorn Legal Services

**Mailing Address**
PO Box 14134
Portland, OR 97293

**Registered Offices**
California:
2108 North St, Suite C
Sacramento, CA 95816

Oregon:
5441 S Macadam Ave, Suite R
Portland, OR 97239

Washington:
100 N Howard St, Suite R
Spokane, WA 99201

**Attorneys and Advisors**
Lindy Laurence, *Washington, Oregon*
Nicole Hetz, *Oregon*
Lisa Thorsson, *California*
Parrish Jones, Tax Advisory
Ricky Lam, Registered Patent Agent

Comerica Bank, 2010 WL 2735707 (E.D. Mich. July 12, 2010).)

Your own internal correspondence acknowledges that these transactions were out of pattern, yet no meaningful intervention occurred.

## B. Failure to Warn and Failure to Disclose Known Risks

Banks have superior knowledge of fraud typologies and a duty to warn consumers of non-obvious, known dangers associated with particular transaction types. Cryptocurrency-related wire fraud has been the subject of extensive regulatory guidance for several years.

Your institution's failure to provide even minimal warnings or disclosures constitutes actionable negligence and misrepresentation.

## C. Unfair and Deceptive Acts or Practices (UDAP)

Your institution's conduct further constitutes unfair and deceptive acts or practices under applicable state and federal law, including but not limited to (1) processing high-risk transactions while representing them as routine or low-risk; (2) mischaracterizing third-party crypto exchanges as "self-to-self" transfers; and (3) relying on post-hoc consent language to disclaim responsibility for foreseeable harm. (*See* 12 U.S.C. §§ 5531–5536; see also applicable state UDAP statutes in Oregon and Utah.)

## D. Breach of the Implied Covenant of Good Faith and Fair Dealing

Even where account agreements permit wire execution, banks may not exercise discretion in a manner that defeats a customer's reasonable expectations of fraud monitoring, warning, and good-faith protection. (*See* Best v. U.S. Nat'l Bank of Oregon, 303 Or. 557 (1987).)

## E. Discovery Notice

Should litigation become necessary, Clients will seek discovery concerning but not limited to: (1) fraud-prevention policies and training; (2) wire-team and branch call recordings and notes; (3) risk scoring and escalation criteria



# Rational Unicorn Legal Services

**Mailing Address**
PO Box 14134
Portland, OR 97293

**Registered Offices**
California:
2108 North St, Suite C
Sacramento, CA 95816

Oregon:
5441 S Macadam Ave, Suite R
Portland, OR 97239

Washington:
100 N Howard St, Suite R
Spokane, WA 99201

**Attorneys and Advisors**
Lindy Laurence, *Washington, Oregon*
Nicole Hetz, *Oregon*
Lisa Thorsson, *California*
Parrish Jones, Tax Advisory
Ricky Lam, Registered Patent Agent

for crypto-related wires; (4) SAR filings and FinCEN communications; and (5) prior similar incidents and supervisory findings. You are hereby on notice to preserve all documents and electronically stored information related to the above transactions.

## IV. DEMAND

Accordingly, on behalf of our Clients, we hereby demand:

(1) full restitution of all funds lost as a result of the fraudulent wire transfers;

(2) written confirmation of your institutions' position regarding liability; and

(3) preservation of all documents, recordings, and electronically stored information relevant to this matter.

If this matter is not resolved within fourteen (14) days of receipt of this letter, our Clients are prepared to pursue all available legal remedies without further notice.

This letter is sent in good faith in an effort to resolve this matter prior to litigation and without waiver of any rights, claims, or remedies.

Sincerely,

**Melissa (Lisa) J. Thorsson, Esq.**
**California**
**Email: lthorsson@rationalunicorn.com**

# -$50,000.00

**Description**

Withdrawal by Wi

**Posting Date**

11/28/2025

**Memo**

Enter a memo



**Reward**
4:44 PM

+ <0.00001 ETH

**Reward**
4:44 PM

0.01 USD
+0.04567 TRX

**Withdrew TRX**
4:39 PM

48,606.96 USD
-173,631.00 TRX

**Bought TRX**
4:26 PM

50,000.00 USD
+173,631.227602 TRX

Fri, Nov 28, 2025

**Deposited USD**
12:01 PM

+50,000.00 USD

**Reward**

+0.00001 BTC



# Rational Unicorn Legal Services

**Mailing Address**
PO Box 14134
Portland, OR 97293

**Registered Offices**
California:
2108 North St, Suite C
Sacramento, CA 95816

Oregon:
5441 S Macadam Ave, Suite R
Portland, OR 97239

Washington:
100 N Howard St, Suite R
Spokane, WA 99201

**Attorneys and Advisors**
Lindy Laurence, *Washington, Oregon*
Nicole Hetz, *Oregon*
Lisa Thorsson, *California*
Parrish Jones, Tax Advisory
Ricky Lam, Registered Patent Agent

February ___, 2026
Via Email

**First Tech Federal Credit Union**
ATTN: General Counsel/Legal Department
2890 Zanker Road, Suite 120
San Jose, California 95134
Email: Nicole.Wilson@firsttechfed.com;
Holly.Hughes@firsttechfed.com;
memberservices@firsttechfed.com

**Re: FORMAL DEMAND FOR RESTITUTION –
FRAUDULENT WIRE TRANSFERS FACILITATED
WITHOUT ADEQUATE SAFEGUARDS**

Dear Counsel,

This firm represents Jennifer Holland and her spouse (collectively, "Clients") with respect to substantial financial losses suffered as a direct and foreseeable result of your institutions' failure to implement reasonable fraud-prevention measures, warnings, and interventions in connection with a high-risk wire transfer in the amount of $67,800.00 executed on December 11, 2025.

This letter constitutes a formal demand for full restitution and notice of impending legal action absent timely resolution.

## I. SUMMARY OF FACTS

Between approximately November 26, 2025 and December 11, 2025, your institution processed and facilitated a large-dollar wire transfer that was later confirmed to be part of a sophisticated financial fraud scheme. This transaction shared multiple, well-documented fraud red flags, including but not limited to: (1) first-time, out-of-pattern wire activity; (2) large dollar amounts; (3) newly introduced or modified beneficiaries; (4) use of recently deposited funds; (5) urgency and time pressure consistent with social-engineering scams; (6) at least one in-branch wire transaction assisted by bank personnel; (7) cryptocurrency-related recipients (including Payward Interactive, Inc. / Kraken and intermediary banks); and (8) no written or verbal fraud warnings, risk disclosures, or acknowledgment forms.



# Rational Unicorn Legal Services

**Mailing Address**
PO Box 14134
Portland, OR 97293

**Registered Offices**
California:
2108 North St, Suite C
Sacramento, CA 95816

Oregon:
5441 S Macadam Ave, Suite R
Portland, OR 97239

Washington:
100 N Howard St, Suite R
Spokane, WA 99201

**Attorneys and Advisors**
Lindy Laurence, *Washington, Oregon*
Nicole Hetz, *Oregon*
Lisa Thorsson, *California*
Parrish Jones, Tax Advisory
Ricky Lam, Registered Patent Agent

At no point did any of your institutions meaningfully warn Ms. Holland of the heightened risk of fraud associated with this transaction, despite the banking industry's well-documented knowledge that such wires are among the most common vectors for consumer financial fraud.

The following transaction is at issue:

(1) $67,800.00 wire transfer payable to Payward Interactive, Inc. (Kraken) on December 11, 2025, facilitated after prior wire attempts on December 9, 2025 were returned or modified due to beneficiary errors, and executed with in-branch assistance and wire-team involvement.

## II. VULNERABLE CONSUMER STATUS

At the time of this transfer, Ms. Holland was a 60-year-old consumer with a documented disability and cognitive impairment, a fact that materially increased her susceptibility to social-engineering fraud.

Federal and state regulators have repeatedly emphasized that financial institutions must apply heightened scrutiny and protective measures when serving older or otherwise vulnerable consumers. [*See, e.g.*, FinCEN Advisory FIN-2023-A002 (recognizing elder and vulnerable-adult fraud as a priority area requiring enhanced monitoring); CFPB Supervisory Highlights (Issue 29, 2023) (criticizing institutions for failing to intervene where vulnerability indicators were present); 12 U.S.C. § 5531 (prohibiting unfair acts or practices that take unreasonable advantage of a consumer's inability to protect their interests).]

No such heightened protections were applied here.

## III. LEGAL LIABILITY

Although your institutions have attempted to rely on the assertion that Ms. Holland "authorized" the transactions, that position is legally insufficient and does not insulate you from liability. Here, liability arises from independent duties owed by financial institutions once objective fraud indicators are present.

### A. Negligence and Failure to Exercise Reasonable Care



# Rational Unicorn Legal Services

**Mailing Address**
PO Box 14134
Portland, OR 97293

**Registered Offices**
California:
2108 North St, Suite C
Sacramento, CA 95816

Oregon:
5441 S Macadam Ave, Suite R
Portland, OR 97239

Washington:
100 N Howard St, Suite R
Spokane, WA 99201

**Attorneys and Advisors**
Lindy Laurence, *Washington, Oregon*
Nicole Hetz, *Oregon*
Lisa Thorsson, *California*
Parrish Jones, Tax Advisory
Ricky Lam, Registered Patent Agent

Financial institutions owe a duty to exercise reasonable care in executing transactions when confronted with clear indicia of fraud. Courts have repeatedly held that blind execution of transactions in the face of known red flags may constitute negligence. (*See, e.g.*, Patco Constr. Co. v. People's United Bank, 684 F.3d 197 (1st Cir. 2012); Experi-Metal, Inc. v. Comerica Bank, 2010 WL 2735707 (E.D. Mich. July 12, 2010).)

Your own internal correspondence acknowledges that these transactions were out of pattern, yet no meaningful intervention occurred.

## B. Failure to Warn and Failure to Disclose Known Risks

Banks have superior knowledge of fraud typologies and a duty to warn consumers of non-obvious, known dangers associated with particular transaction types. Cryptocurrency-related wire fraud has been the subject of extensive regulatory guidance for several years.

Your institution's failure to provide even minimal warnings or disclosures constitutes actionable negligence and misrepresentation.

## C. Unfair and Deceptive Acts or Practices (UDAP)

Your institution's conduct further constitutes unfair and deceptive acts or practices under applicable state and federal law, including but not limited to (1) processing high-risk transactions while representing them as routine or low-risk; (2) mischaracterizing third-party crypto exchanges as "self-to-self" transfers; and (3) relying on post-hoc consent language to disclaim responsibility for foreseeable harm. (*See* 12 U.S.C. §§ 5531–5536; see also applicable state UDAP statutes in Oregon and Utah.)

## D. Breach of the Implied Covenant of Good Faith and Fair Dealing

Even where account agreements permit wire execution, banks may not exercise discretion in a manner that defeats a customer's reasonable expectations of fraud monitoring, warning, and good-faith protection. (*See* Best v. U.S. Nat'l Bank of Oregon, 303 Or. 557 (1987).)



# Rational Unicorn Legal Services

**Mailing Address**
PO Box 14134
Portland, OR 97293

**Registered Offices**
California:
2108 North St, Suite C
Sacramento, CA 95816

Oregon:
5441 S Macadam Ave, Suite R
Portland, OR 97239

Washington:
100 N Howard St, Suite R
Spokane, WA 99201

**Attorneys and Advisors**
Lindy Laurence, *Washington, Oregon*
Nicole Hetz, *Oregon*
Lisa Thorsson, *California*
Parrish Jones, Tax Advisory
Ricky Lam, Registered Patent Agent

## E. Discovery Notice

Should litigation become necessary, Clients will seek discovery concerning but not limited to: (1) fraud-prevention policies and training; (2) wire-team and branch call recordings and notes; (3) risk scoring and escalation criteria for crypto-related wires; (4) SAR filings and FinCEN communications; and (5) prior similar incidents and supervisory findings. You are hereby on notice to preserve all documents and electronically stored information related to the above transactions.

## IV. DEMAND

Accordingly, on behalf of our Clients, we hereby demand:

(1) full restitution of all funds lost as a result of the fraudulent wire transfers;

(2) written confirmation of your institutions' position regarding liability; and

(3) preservation of all documents, recordings, and electronically stored information relevant to this matter.

If this matter is not resolved within fourteen (14) days of receipt of this letter, our Clients are prepared to pursue all available legal remedies without further notice.

This letter is sent in good faith in an effort to resolve this matter prior to litigation and without waiver of any rights, claims, or remedies.

Sincerely,

**Melissa (Lisa) J. Thorsson, Esq.**
**California**
**Email: lthorsson@rationalunicorn.com**



**-$567,800.00**

## Description

Domestic Wire Withdrawal Wire Out 2025345000060700 BNF:PAYWARD INTERACTIVE, INC.

## Transaction ID

202512112504

## Posting Date

12/11/2025

## Transaction Categories

Uncategorized

**Withdrew USDT**
6:43 PM

67,106.64 USD
-67,110.00 USDT

**Bought USDT**
5:57 PM

67,800.00 USD
+67,124.6854 USDT

**Deposited USD**
2:29 PM

+67,800.00 USD

**Reward**
1:16 AM

+0.00008 ETH

Wed, Dec 10, 2025

**Bought USDT**
1:55 PM

2,000.00 USD
+1,979.8614 USDT

**Deposited USD**



## Rational Unicorn Legal Services

**Mailing Address**
PO Box 14134
Portland, OR 97293

**Registered Offices**
California:
2108 North St, Suite C
Sacramento, CA 95816

Oregon:
5441 S Macadam Ave, Suite R
Portland, OR 97239

Washington:
100 N Howard St, Suite R
Spokane, WA 99201

**Attorneys and Advisors**
Lindy Laurence, *Washington, Oregon*
Nicole Hetz, *Oregon*
Lisa Thorsson, *California*
Parrish Jones, Tax Advisory
Ricky Lam, Registered Patent Agent

**February 11, 2026**
Via Email

**OnPoint Community Credit Union**
Legal / Risk Management Department
2755 SW Cedar Hills Blvd
Beaverton, OR 97005

**Re: FORMAL DEMAND FOR RESTITUTION –
FRAUDULENT WIRE TRANSFERS FACILITATED
WITHOUT ADEQUATE SAFEGUARDS**

Dear Counsel,

This firm represents Jennifer Holland and her spouse (collectively, "Clients") with respect to substantial financial losses suffered as a direct and foreseeable result of your institutions' failure to implement reasonable fraud-prevention measures, warnings, and interventions in connection with a high-risk wire transfer in the amount of $78,100.00 executed on November 26, 2025.

This letter constitutes a formal demand for full restitution and notice of impending legal action absent timely resolution.

## I. SUMMARY OF FACTS

Between approximately November 26, 2025 and December 11, 2025, your institution processed and facilitated a large-dollar wire transfer that was later confirmed to be part of a sophisticated financial fraud scheme. This transaction shared multiple, well-documented fraud red flags, including but not limited to: (1) first-time, out-of-pattern wire activity; (2) large dollar amounts; (3) newly introduced or modified beneficiaries; (4) use of recently deposited funds; (5) urgency and time pressure consistent with social-engineering scams; (6) at least one in-branch wire transaction assisted by bank personnel; (7) cryptocurrency-related recipients (including Payward Interactive, Inc. / Kraken and intermediary banks); and (8) no written or verbal fraud warnings, risk disclosures, or acknowledgment forms.

At no point did any of your institutions meaningfully warn Ms. Holland of the heightened risk of fraud associated with this transaction, despite the banking industry's well-documented



# Rational Unicorn Legal Services

**Mailing Address**
PO Box 14134
Portland, OR 97293

**Registered Offices**
California:
2108 North St, Suite C
Sacramento, CA 95816

Oregon:
5441 S Macadam Ave, Suite R
Portland, OR 97239

Washington:
100 N Howard St, Suite R
Spokane, WA 99201

**Attorneys and Advisors**
Lindy Laurence, *Washington, Oregon*
Nicole Hetz, *Oregon*
Lisa Thorsson, *California*
Parrish Jones, Tax Advisory
Ricky Lam, Registered Patent Agent

knowledge that such wires are among the most common vectors for consumer financial fraud.

The following transaction is at issue:
(1) $78,100.00 wire transfer processed on November 26, 2025, at the OnPoint branch located at 2755 SW Cedar Hills Blvd, Beaverton, Oregon, involving newly introduced beneficiaries and out-of-pattern activity, without fraud warnings or escalation.

## II. VULNERABLE CONSUMER STATUS

At the time of this transfer, Ms. Holland was a 60-year-old consumer with a documented disability and cognitive impairment, a fact that materially increased her susceptibility to social-engineering fraud.

Federal and state regulators have repeatedly emphasized that financial institutions must apply heightened scrutiny and protective measures when serving older or otherwise vulnerable consumers. [*See, e.g.*, FinCEN Advisory FIN-2023-A002 (recognizing elder and vulnerable-adult fraud as a priority area requiring enhanced monitoring); CFPB Supervisory Highlights (Issue 29, 2023) (criticizing institutions for failing to intervene where vulnerability indicators were present); 12 U.S.C. § 5531 (prohibiting unfair acts or practices that take unreasonable advantage of a consumer's inability to protect their interests).]

No such heightened protections were applied here.

## III. LEGAL LIABILITY

Although your institutions have attempted to rely on the assertion that Ms. Holland "authorized" the transactions, that position is legally insufficient and does not insulate you from liability. Here, liability arises from independent duties owed by financial institutions once objective fraud indicators are present.

### A. Negligence and Failure to Exercise Reasonable Care

Financial institutions owe a duty to exercise reasonable care in executing transactions when confronted with clear indicia of fraud. Courts have repeatedly held that blind execution of transactions in the face of known red flags may constitute



**Rational Unicorn Legal Services**

**Mailing Address**
PO Box 14134
Portland, OR 97293

**Registered Offices**
California:
2108 North St, Suite C
Sacramento, CA 95816

Oregon:
5441 S Macadam Ave, Suite R
Portland, OR 97239

Washington:
100 N Howard St, Suite R
Spokane, WA 99201

**Attorneys and Advisors**
Lindy Laurence, *Washington, Oregon*
Nicole Hetz, *Oregon*
Lisa Thorsson, *California*
Parrish Jones, Tax Advisory
Ricky Lam, Registered Patent Agent

negligence. (*See, e.g.*, Patco Constr. Co. v. People's United Bank, 684 F.3d 197 (1st Cir. 2012); Experi-Metal, Inc. v. Comerica Bank, 2010 WL 2735707 (E.D. Mich. July 12, 2010).)

Your own internal correspondence acknowledges that these transactions were out of pattern, yet no meaningful intervention occurred.

### B. Failure to Warn and Failure to Disclose Known Risks

Banks have superior knowledge of fraud typologies and a duty to warn consumers of non-obvious, known dangers associated with particular transaction types. Cryptocurrency-related wire fraud has been the subject of extensive regulatory guidance for several years.

Your institution's failure to provide even minimal warnings or disclosures constitutes actionable negligence and misrepresentation.

### C. Unfair and Deceptive Acts or Practices (UDAP)

Your conduct further constitutes unfair and deceptive acts or practices under applicable state and federal law, including but not limited to (1) processing high-risk transactions while representing them as routine or low-risk; (2) mischaracterizing third-party crypto exchanges as "self-to-self" transfers; and (3) relying on post-hoc consent language to disclaim responsibility for foreseeable harm. (*See* 12 U.S.C. §§ 5531–5536; see also applicable state UDAP statutes in Oregon and Utah.)

### D. Breach of the Implied Covenant of Good Faith and Fair Dealing

Even where account agreements permit wire execution, banks may not exercise discretion in a manner that defeats a customer's reasonable expectations of fraud monitoring, warning, and good-faith protection. (*See* Best v. U.S. Nat'l Bank of Oregon, 303 Or. 557 (1987).)

### E. Discovery Notice

Should litigation become necessary, Clients will seek discovery concerning but not limited to: (1) fraud-prevention



# Rational Unicorn Legal Services

**Mailing Address**
PO Box 14134
Portland, OR 97293

**Registered Offices**
California:
2108 North St, Suite C
Sacramento, CA 95816

Oregon:
5441 S Macadam Ave, Suite R
Portland, OR 97239

Washington:
100 N Howard St, Suite R
Spokane, WA 99201

**Attorneys and Advisors**
Lindy Laurence, *Washington, Oregon*
Nicole Hetz, *Oregon*
Lisa Thorsson, *California*
Parrish Jones, Tax Advisory
Ricky Lam, Registered Patent Agent

policies and training; (2) wire-team and branch call recordings and notes; (3) risk scoring and escalation criteria for crypto-related wires; (4) SAR filings and FinCEN communications; and (5) prior similar incidents and supervisory findings. You are hereby on notice to preserve all documents and electronically stored information related to the above transactions.

## IV. DEMAND

Accordingly, on behalf of our Clients, we hereby demand:

(1) full restitution of all funds lost as a result of the fraudulent wire transfers;

(2) written confirmation of your institutions' position regarding liability; and

(3) preservation of all documents, recordings, and electronically stored information relevant to this matter.

If this matter is not resolved within fourteen (14) days of receipt of this letter, our Clients are prepared to pursue all available legal remedies without further notice.

This letter is sent in good faith in an effort to resolve this matter prior to litigation and without waiver of any rights, claims, or remedies.

Sincerely,

**Melissa (Lisa) J. Thorsson, Esq.**
**California**
**Email: lthorsson@rationalunicorn.com**





OnPoint
COMMUNITY CREDIT UNION

## Details

**Category:**

Transfer 🖉

**Online Description:**

Domestic Wire 🖉

**Statement Description:**

Domestic Wire Withdrawal Outgoing Wire-321175-
Payward Interactive, Inc.

**Date:**

11/26/2025

**Type:**

Debit

**Thu, Nov 27, 2025**



### Reward
8:52 AM

**+0.00017 ETH**

**Wed, Nov 26, 2025**



### Reward
8:47 PM

**+ <0.00001 BTC**



### Withdrew USDT
5:30 PM

**77,424.89 USD**
-77,451.22 USDT



### Bought USDT
11:16 AM

**78,100.00 USD**
+77,451.2201 USDT



### Deposited USD
10:46 AM

**+78,100.00 USD**